REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature Room 807, State Capitol Lincoln, Nebraska 68509
Dear Senator Cullan:
This is in reply to your inquiry concerning the constitutionality of LB 893, which would authorize the Nebraska wheat development, utilization, and marketing board to determine a minimum price for wheat sold in the state.
In arriving at our conclusion, we call particular attention to the provisions of two sections of the bill. Section 6 provides:
 (1) The board shall fix the minimum price on all grades and types of wheat grown, bought, and sold in this state.
 (2) The minimum price fixed by the board shall not be less than a price determined by the product of seventy per cent of parity divided by the average county loan rate, multiplied by the county loan rate of each of the counties of the state.
(Emphasis added). With regard to the underscored provisions of section 6, section 2, the definition section of the bill, provides that `Parity shall have the same meaning as that defined by the provisions of the agricultural adjustment act, title 7, section 1301, U.S.C.A.;' and, `County loan rate shall mean that amount of money the United States Department of Agriculture will loan per bushel on wheat in each county of the state.'
In other words, as we read these provisions of the bill, the wheat marketing board shall fix a minimum price on wheat of not less than seventy percent of an amount fixed by congress, divided by the average of an amount fixed by the United States Department of Agriculture, multiplied by an amount also fixed by the United States Department of Agriculture.
We also call attention to section 8 of the bill which would make it a Class IV misdemeanor for anyone to buy or sell wheat for a price less than that fixed by the board. In other words the board could vary what would constitute a Class IV misdemeanor.
In Lincoln Dairy Corporation v. Finigan, 170 Neb. 777,104 N.W.2d 227 (1960), our Supreme Court held: The Legislature may not lawfully delegate legislative powers to an administrative or executive authority.' It also held: `The Legislature cannot delegate its power to create criminal offenses and prescribe penalties to an administrative or executive authority.'
Aside from the question of whether or not the Legislature is directly or indirectly delegating to the congress and/or United States Department of Agriculture the ultimate authority for determining the minimum price of wheat, it does seem quite clear that the bill, by granting to the wheat board authority to determine a minimum price of wheat, and by making the sale of wheat below the price set by the board a crime, the Legislature is delegating to the wheat board its power to create a criminal offense.
It is therefore our conclusion that to the extent that the Legislature has, in LB 893, granted to the wheat board, or any federal agency, any of the referred to powers reserved to the Legislature, the bill would be constitutionally suspect.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Bernard L. Packett Assistant Attorney General